**Mohammed AZAD, Petitioner,**

**v.**

**Eric H. HOLDER, Jr., United States Attorney General, Respondent.**

**No. 09–2066–ag.**

United States Court of Appeals, Second Circuit.

Nov. 12, 2009.

Amy N. Gell, New York, NY, for Petitioner.

Tony West, Assistant Attorney General; Ernesto H. Molina, Jr., Assistant Director; M. Lee Quinn, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: JON O. NEWMAN, ROBERT A. KATZMANN, and GERARD E. LYNCH, Circuit Judges.

### SUMMARY ORDER

Petitioner Mohammed Azad, a native and citizen of Bangladesh, seeks review of an April 16, 2009 order of the BIA denying his motion to reopen. *In re Mohammed Azad,* No. A072 439 727 (B.I.A. Apr. 16, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

■ We review the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam). However, when the BIA considers relevant evidence of country conditions in evaluating a motion to reopen, we review the BIA's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey,* 546 F.3d 138, 169 (2d Cir.2008). An alien seeking to reopen proceedings may file one motion to reopen no later than 90 days after the date on which the final administrative decision was rendered. *See* 8 C.F.R. § 1003.2(c)(2). However, there is no time or numerical limit for filing a motion to reopen if it is "based on changed

circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii). In this case, the BIA reasonably denied Azad's motion to reopen based on his failure to offer material evidence of changed country conditions that would alter the outcome of his case.

Contrary to Azad's argument that the BIA applied an inappropriately stringent standard, he was required to show not only that conditions in Bangladesh had changed, but that such changes were material to his claim for relief. *Shao*, 546 F.3d at 168. Moreover, the BIA did not abuse its discretion in concluding that Azad failed to establish his *prima facie* eligibility for asylum based on the evidence he presented. *See INS v. Abudu*, 485 U.S. 94, 104–05, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988). Azad's claim that he will be targeted by fundamentalists because he is an "Americanized Bangladeshi" is unsupported by the record, which reflects a general increase in fundamentalist violence in Bangladesh, but not that individuals in Azad's circumstances are targeted in particular. *See Melgar de Torres v. Reno*, 191 F.3d 307, 314 (2d Cir.1999). Furthermore, the BIA reasonably concluded that Azad's claim that he will be targeted because fundamentalists perceive him to have money and status lacks a nexus to a protected ground. *See Ucelo–Gomez v. Mukasey*, 509 F.3d 70, 73 (2d Cir.2007); *In re A–M–E & J–G–U–*, 24 I. & N. Dec. 69, 74 (BIA 2007).

Finally, the BIA did not err in finding that Azad failed to submit evidence to support his claim that families who refuse forced marriage for their daughters will be the target of fundamentalist threats. *See Shao*, 546 F.3d at 169. To the extent Azad's claim is based on the threat of harm to his daughter, this Court has determined that a petitioner is not *prima facie* eligible for asylum based on the persecution of a family member. *See Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 308 (2d Cir.2007).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).